# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

RANDY JOE MILBURN
ADC #130450                                                                                         PLAINTIFF

V.                                   5:09CV00352 SWW/JTR

J. REED, Correctional Officer,
Randall Williams Correctional Facility, et al.                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the

United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff Randy Joe Milburn, a prisoner in the Randall Williams Correctional Facility of the Arkansas Department of Correction, has commenced this *pro se* § 1983 action alleging that Defendants have violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed"

## II. Discussion

In his Complaint, Plaintiff alleges that Defendant Correctional Officer J. Reed intentionally destroyed three photographs of Plaintiff's mother and his father, who is deceased. *See* docket entry #2. Plaintiff further contends that Defendants Warden Evans, ADC Chief Deputy Ray Hobbs, and ADC Deputy Director Larry May have failed to take corrective action about the matter. *Id.*

In order to state a claim for relief under § 1983, a plaintiff must allege facts showing that defendants deprived him of a right secured by the federal Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). At most, Plaintiff's claim can broadly be construed as a deprivation of his right to property under the Fourteenth Amendment.

The United States Supreme Court has held that a prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property as long as the State provides a post-deprivation remedy to address the property loss. *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984). In this case, Plaintiff has the adequate post-deprivation remedy of filing a claim before the Arkansas Claims Commission, pursuant to Ark. Code Ann. § 19-10-204(a). Thus, he has failed to state a viable § 1983 claim. *See Williams v. Campbell*, Case No. 00-3699, 2001 WL 1549545(8th Cir. Dec. 6, 2001) (unpublished opinion) (holding that a prisoner could not bring a § 1983 claim regarding the loss of his personal property because he could file a claim before the Arkansas Claims Commission) *McClinton v. Arkansas Dept. Corr.*, Case No. 05-2498, 2006 WL 304470 (8th Cir. Feb. 9, 2006) (unpublished opinion) (same).

## III. Conclusion

---

and "held to less stringent standards than formal pleadings drafted by lawyers."

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case be DISMISSED, WITH PREJUDICE, for failing to state a claim on which relief may be granted.

2. Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 2nd day of December, 2009.

_____
UNITED STATES MAGISTRATE JUDGE